SCOTT A. SUGARMAN (No. 68277)
SUGARMAN & CANNON
180 Montgomery St., Suite 2350
San Francisco, CA. 94104
Telephone: (415) 362-6252
Facsimile: (415) 362-6431

Attorneys for Defendant
    RAYMOND BRUNSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAYMOND BRUNSON,<br><br>    Defendant. | No. CR 13-0242 WHA<br><br>**DEFENDANT RAYMOND BRUNSON'S EX PARTE APPLICATION FOR ORDER TO MODIFY CONDITIONS OF PROBATION and [proposed] ORDER** |

On October 14, 2014, this Court placed Raymond Brunson on probation on various conditions. On December 10, 2014, United States Probation Officer Alton Dural filed a request to modify one condition of Mr. Brunson's Probation. Document 170. Specifically, USPO Dural asked that the existing condition that Mr. Brunson be subject to Location Monitoring be expanded to permit, in the discretion of the probation officer, either Location Monitoring or residence in a residential re-entry center.

In response to that application, this Court directed USPO Dural to submit a request for a summons so that Mr. Brunson and counsel could appear before this Court.

Mr. Brunson had been residing at a cousin's residence.  Prior to USPO Dural submitting that request, Mr. Brunson and USPO Dural had discussed that fact that Mr. Brunson would not be able to remain in his current residence, and that he no other place to reside.  Mr. Brunson agreed to the proposed modification, and USPO Dural had discussed that change with undersigned counsel.

It appears that Mr. Brunson will be unable to use his current residence imminently. Undersigned counsel has been informed by USPO John Torres that the Probation Office has secured a place for Mr. Brunson in the residential re-entry center at 205 MacArthur Boulevard in Oakland, starting December 22, 2014.  In that neither Mr. Brunson nor USPO Dural wants Mr. Brunson to be rendered homeless, undersigned counsel requests that this Court approve the following modification of special condition three of the terms of probation:

> The defendant shall reside in a residential reentry center or participate in a Location Monitoring Program as directed by the probation officer for a term of six months, with said term to be calculated from when the defendant first was subject to Location Monitoring.  For any period on the Location Monitoring Program, the defendant shall be monitored by Location Monitoring technology at the discretion of the probation officer.  Location monitoring shall be utilized to verify his compliance with home detention while on the program.  The defendant is restricted to his residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court obligations or other activities pre-approved by the probation officer.  The defendant shall pay all or part of the cost of the program based upon his ability to pay as determined by the probation officer.

DATED: December 19, 2014                    Respectfully submitted,

                                                                        /s/
                                                 Scott A. Sugarman
                                                 Attorney for Raymond Brunson

GOOD CAUSE APPEARING, the conditions of defendant's probation are modified as follows:  Special Condition 3 is modified to read

The defendant shall reside in a residential reentry center or participate in a Location Monitoring Program as directed by the probation officer for a term of six months, with said term to be calculated from when the defendant first was subject to Location Monitoring.  For any period on the Location Monitoring Program, the defendant shall be monitored by Location Monitoring technology at the discretion of the probation officer.  Location monitoring shall be utilized to verify his compliance with home detention while on the program.  The defendant is restricted to his residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court obligations or other activities pre-approved by the probation officer.  The defendant shall pay all or part of the cost of the program based upon his ability to pay as determined by the probation officer.

DATE:   December 19, 2014.

_____
United States District Judge

3